Jamie Rucker (JCR 6767)
National Labor Relations Board
Region 2
26 Federal Plaza, Room 3614
New York, New York 10278
(212)264-0300

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X
CELESTE J. MATTINA, Regional Director,
Region 2, National Labor Relations Board,
for and on Behalf of the NATIONAL
LABOR RELATIONS BOARD,

       Petitioner,

 -against-           08 Civ. 03332

SAIGON GRILL GOURMET RESTAURANT, INC. &
SAIGON SPICE, INC. d/b/a SAIGON GRILL  J. Chin
RESTAURANT,

       Respondent.      ECF
------------------------------------------------X

**PETITION FOR TEMPORARY INJUNCTION UNDER**
**SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT**

  Comes now Celeste J. Mattina, Regional Director for Region 2 of the National Labor Relations Board, herein called the Board, and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended, herein called the Act, (61 Stat. 149), 29 U.S.C. Sec. 160(j), for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board on the Amended Complaint and Notice of Hearing of the General Counsel of the Board in Case No. 2-CA-38343, alleging that Saigon Grill Gourmet Restaurant, Inc. and Saigon Spice, Inc., herein also referred to as Saigon Grill, Respondent, or the Employer, has

engaged in and is engaging in unfair labor practices in violation of, *inter alia*, Section 8(a)(1) of the Act. In support thereof, Petitioner respectfully shows the following:

1. Petitioner is the Regional Director of Region 2 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act, 29 U.S.C. § 160(j).

3. On May 14, 2007, 318 Restaurant Workers Union ("the Union") filed the charge in Case No. 2-CA-38252. This charge, as amended on July 30, 2007, alleges, *inter alia*, that Respondent violated Section 8(a)(1) of the Act by: (i) discharging its delivery workers at its facilities at 620 Amsterdam Avenue and 93 University Place and (ii) ceasing its delivery operations at both locations. Copies of these charges, together with their respective affidavits of service, are part of the record of the unfair labor practice hearing held in this matter before Administrative Law Judge Raymond P. Green on December 3, 5, and 6, 2007, at G.C. Exhs. 1(a)-1(d).[1] The transcript and exhibits of that hearing are attached to this petition as Exhibit A.

---

[1] The record of the underlying administrative hearing is attached to this Petition as Exhibit A. All citations to the record of that hearing are therefore to the corresponding portion of Exhibit A. Citations to the transcript will be made as "Tr. X:Y," where X and Y denote the transcript page and line numbers, respectively. Reference to exhibits will be "G.C. Exh. X," "R. Exh. X," or "U. Exh. X" where X denotes the exhibit number, and "G.C.," "R.," and "U." identify the exhibit as submitted by the General Counsel, Respondent, or Union, respectively.

2

4.   (a)   The aforesaid charge was referred to the Regional Director of Region 2 of the Board. Following an investigation of the allegations, the General Counsel of the Board, by the Regional Director, issued a Complaint and Notice of Hearing in Case No. 2-CA-38252 on about September 28, 2007. Copies of the Complaint and Notice of Hearing and its respective affidavit of service are included as G.C. Exhs. 1(e) and 1(f).

(b)   On or about October 4, 2007, Respondent, by its Counsel, filed an Answer to the Complaint and Notice of Hearing. A copy of the Answer is included at G.C. Exh. 1(g).

(c)   An Order Rescheduling Hearing was issued on about October 16, 2007. Copies of the Order and its corresponding affidavit of service are attached at G.C. Exhs. 1(h) and 1(i).

(d)   An Amended Complaint and Notice of Hearing issued on about November 8, 2007. Copies of the Amended Complaint and Notice of Hearing and its corresponding affidavit of service are attached at G.C. Exhs. 1(j) and 1(k).

(e)   On about November 12, 2007 Respondent, by its Counsel, filed an Answer to the Amended Complaint and Notice of Hearing. A copy of the Answer is attached as G.C. Exh. 1(l).

5.   On December 3, 5, and 6, 2007, a hearing regarding the allegations of the Amended Complaint was held before Administrative Law Judge Raymond P. Green. Petitioner and Respondent were given the opportunity to and did (i) present testimony and other evidence and (ii) cross-examine witnesses.

6. Based upon the evidence adduced during the unfair labor practice hearing described above in paragraph 5, Petitioner has reasonable cause to believe that the pertinent allegations contained in the Amended Complaint are true and that Respondent has committed serious violations of Section 8(a)(1) of the Act which require the remedy sought herein. More particularly, Petitioner alleges:

(a) At all material times, Saigon Gourmet, a New York corporation, with its principal place of business located at 620 Amsterdam Avenue, New York, New York, has been engaged in the restaurant business.

(b) At all material times, Saigon Spice, a New York corporation, with its principal place of business located at 93 University Place, New York, New York, has been engaged in the restaurant business.

(c) At all material times, Saigon Gourmet and Saigon Spice have been affiliated business enterprises with common officers, ownership, directors, management, and supervision; have formulated and administered a common labor policy; and have held themselves out to the public as a single-integrated business enterprise.

(d) Based on their operations described above in subparagraph (c), Saigon Gourmet and Saigon Spice constitute a single-integrated business enterprise and a single employer within the meaning of the Act.

(e) Annually, in the course and conduct of its business operations described above in subparagraphs (a) through (d), Respondent derives gross revenues in excess of $500,000.

(f) Annually, in the course and conduct of its business operations described above in subparagraphs (a) through (d), Respondent purchases and receives goods and supplies valued in excess of $5,000 from suppliers within the State of New York, which themselves are directly engaged in interstate commerce.

(g) At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), 2(6), and 2(7) of the Act.

(h) At all material times, Simon Nget has been the owner and manager of Respondent and has been a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent, acting on its behalf.

(i) About March 2, 2007, Respondent's delivery employees engaged in concerted activities with each other for the purposes of collective bargaining and mutual aid and protection, by signing a document authorizing a lawsuit on their behalf against Respondent regarding Respondent's alleged violations of wage and hour laws and by supporting efforts to force Respondent to comply with wage and hour laws.

5

(j) On about March 3, 2007, Respondent discharged its delivery employees working at its 620 Amsterdam Avenue facility, including but not limited to the following named employees: Jian Yun Chen, Yu Ming Yu, Ming Hua Chen, Li Qiang Lin, Chen Shu Hui, and Chen Guo Jin.

(k) On about March 5, 2007, Respondent discharged its delivery employees working at its 93 University Place facility, including but not limited to the following named employees: Li Qiang Lin.

(l) Since the dates set forth above in subparagraphs (j) and (k) Respondent has failed and refused to reinstate, or offer to reinstate, the discharged employees as set forth above in subparagraphs (j) and (k) respectively, to their former positions of employment.

(m) Respondent engaged in the conduct described above in subparagraphs (j) through (l) because the delivery employees engaged in the activities described above in subparagraph (i) and to discourage employees from engaging in these or other concerted activities;

(n) On about March 3, 2007, Respondent ceased operating its delivery service at its 620 Amsterdam Ave. facility.

(o) On about March 5, 2007, Respondent ceased operating its delivery service at its 93 University Place facility.

(p) By the conduct described above in subparagraphs (n) and (o), Respondent curtailed its operations because the delivery employees engaged in the activities described above in subparagraph (i) and to discourage employees from engaging in these or other concerted activities.

(q) Alternatively, by the conduct described above in subparagraphs (n) and (o), Respondent partially closed its operations temporarily because the delivery employees engaged in the activities described above in subparagraph (i) and to discourage employees from engaging in these or other concerted activities;

(r) Alternatively, by the conduct described above in subparagraphs (n) and (o), Respondent partially closed its operations because the delivery employees engaged in the activities described above in subparagraph (i) and to discourage employees from engaging in these or other concerted activities.

(s) By the conduct described above in subparagraphs (j) through (r), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act, in violation of Section 8(a)(1) of the Act.

(t) The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and 2(7) of the Act.

6. By opinion dated February 11, 2008, Administrative Law Judge Raymond P. Green found, *inter alia*, that Respondent had engaged in the conduct alleged above in paragraphs 5(j) through 5(r) and thereby violated Section 8(a)(1) of the Act. The Administrative Law Judge further recommended that Respondent be ordered to reinstate the discharged delivery workers and resume its delivery operations at both locations. A copy of the decision of the Administrative Law Judge is attached hereto as Exhibit B.

7. By letter dated February 25, 2008, a copy of which is attached hereto as Exhibit C, Respondent counsel notified the Charging Party Union that the discharged employees should report to work March 1, 2008 at the Amsterdam Ave. facility with "their Social Security Cards, Alien Registration Cards and any other documentation indicating that they are hear [sic] legally and can be gainfully employed legally."

8. By letter dated February 29, 2008, a copy of which is attached hereto as Exhibit D, the Union responded to Respondent's February 25th letter. In its letter, the Union notified Respondent that the Union would require additional time in which to notify the delivery employees of Respondent's proposal and the delivery employees would require a reasonable amount of time to gather the documents requested by Respondent.

9. By letter dated March 3, 2008, a copy of which is attached hereto as Exhibit E, Respondent counsel agreed to give

the Union additional time in which to notify the delivery employees of Respondent's proposal.

10. On about March 10, 2008, certain of the delivery employees and Union advisor Lin Song met with Respondent owner Simon Nget, completed I-9 forms, and provided Respondent with the supporting documentation required by the I-9 forms. Copies of affidavits from two of the delivery employees in attendance at the March 10th meeting are attached hereto as Exhibits F and G.

11. By letters dated March 14, 2008 and telephone conversations, Respondent asked certain of the delivery employees described above in paragraph 10 to report to work the following week. Copies of some of those letters are attached hereto as Exhibits H-K.

12. On March 17, 2008, certain of the delivery employees described above in paragraphs 10 and 11 reported for work at the times indicated in Respondent's letters of March 14, 2008. (Exh. F, ¶ 9 and Exh. G, ¶ 7.)

13. The terms and conditions of employment for the delivery workers who have returned to work are not the same as, nor substantially equivalent to, the terms and condition under which the delivery workers worked before being unlawfully fired by Respondent. For instance, the returning delivery workers have not been restored to their original schedules and hours, are not being paid extra for longer deliveries as they were before being fired, and are not working out of the same facilities as they formerly did. (*Compare* Exh. F, ¶ 2 *with* ¶ 8; *compare* Exh. G, ¶ 2

with ¶ 5; Exh. G, ¶ 10; Exh. F, ¶ 12; *compare* Exh. F, ¶ 1 *with* Exh. C.) As a result of these and other factors, the returning delivery workers are earning less than they formerly did. (*Compare* Exh. F, ¶ 2 *with* ¶ 13; Exh. G, ¶ 11.)

14. Because the terms and conditions of employment of the returning delivery workers are not the same as or substantially equivalent to those in effect before their discharges, Respondent has failed to reinstate these employees to their former positions.

15. Some of the unlawfully discharged delivery workers described above in paragraphs 10 and 11 have declined to return to work under the altered terms and conditions of employment being imposed by Respondent, as described above in paragraph 13. (*See* Affidavit of Chen Guo Jin, attached hereto as Exhibit L, at ¶ 8.)

16. Upon information and belief, it may fairly be anticipated that unless the aforesaid flagrant and egregious unfair labor practices are enjoined immediately Respondent will continue to engage in such conduct, or in similar or related conduct, and a serious flouting of the Act will continue, with the result that enforcement of the important provisions of the Act and of public policy will be thwarted before Respondent can be placed under legal restraint through the regular procedure of a Board order and enforcement decree.

17. Upon information and belief, to avoid the serious consequences set forth above it is essential, just, proper, and

appropriate for the purposes of effectuating the policies of the Act and avoiding substantial and immediate injury to the public policies, Respondent's employees, and to the public interest in accordance with the purpose of Section 10(j) of the Act that, pending the final dispositions of the matters involved herein which are now pending before the Board, Respondent be enjoined and restrained as herein prayed.

18. No other or prior application has been made for the order or relief sought herein.

**WHEREFORE** Petitioner prays:

i. That the Court issue an Order directing Respondent to appear before this Court at a time and place fixed by the Court and show cause, if any there be, why an injunction should not issue, enjoining and restraining Respondent, its officers, representatives, agents, servants, employees, attorneys and other persons acting in concert or participating with them, pending final disposition of the matters involved herein, which are now pending before the Board, from, in any manner or by an means:

   (a) Discharging employees in retaliation for their concerted, protected activities; and
   (b) In any like or related manner interfering with, restraining or coercing its employees in the rights guaranteed them under Section 7 of the Act.

ii. Petitioner further requests an affirmative order requiring Respondent, pending final Board adjudication, to

   (a) Within five (5) days of the issuance of the Court's Order, restore the Employer's delivery services at 620 Amsterdam Ave. and 93 University Place and offer Jian Yun Chen, Yu Ming Yu, Ming Hua Chen, Li Qiang Lin, Chen Shu Hui, and Chen Guo Jin immediate interim reinstatement to

their former positions with the Employer, including reinstatement to the hours, wages, and locations of work previously enjoyed by those employees, displacing if necessary, any workers contracted for, hired, or reassigned to replace them;

(b) temporarily expunge any references to the discharges of the delivery workers from their personnel files and not rely on such discharges in any future discipline imposed prior to a final Board order;

(c) post copies of the District Court's opinion and order, together with a Chinese translation prepared at the Employer's expense and approved by the Regional Director of Region 2 of the Board, at the Employers' facilities where notices to employees are customarily posted; maintain such postings during the Board's administrative proceeding free from all obstructions and defacements; allow all employees free and unrestricted access to said postings; and grant agents of the Board reasonable access to Respondent's facilities to monitor compliance with this posting requirement; and

(d) Within twenty (20) days of the issuance of the District Court's Order, file with the Court, with a copy submitted to the Regional Director of Region 2 of the National Labor Relations Board, a sworn affidavit from a responsible Respondent official setting forth with specificity the manner in which the Respondent has complied with the terms of this decree.

iii. That upon return of such Order to Show Cause, the Court issue an Order enjoining and restraining Respondent in the manner set forth above.

iv. That the Court grant such further and other relief as may be just and proper.

Dated at New York, New York,
April 3, 2008

Respectfully submitted,

Jamie Rucker
Counsel for Petitioner
National Labor Relations Board
26 Federal Plaza, Room 3614
New York, New York 10278

12

```
                                          Tel. (212) 264-0300
                                          FAX  (212) 264-2450
Ronald Meisburg, General Counsel
Barry J. Kearney, Associate General Counsel
Ellen A. Farrell, Deputy Associate General Counsel
Judith I. Katz, Assistant General Counsel
Karen P. Fernbach, Regional Attorney, Region 2
Donald B. Zavelo, Deputy Regional Attorney, Region 2
```